**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JUNE 10, 2016**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Jesal Patwari, | Case No.:    08-26178 (JKS) |
| Debtor. | **OPINION** |
| Doctor's Associates Inc., | |
| Plaintiff, | Adv. Pro. No.: 09-1022 (Formerly U.S. District Court Case No.: 08-3363) |
| v. | |
| Jesal Desai a/k/a Jesal Patwari, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC, | |
| Defendants. | |
| Jesal Desai a/k/a Jesal Patwari, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| Subway Real Estate Corp., Yogesh Dave and Subway Development Co., | |
| Third-Party Defendants. | |

1

**APPEARANCES:**

Forrest Scott Turkish, Esq.
Law Office of Scott Turkish
595 Broadway
Bayonne, New Jersey 07002
*Attorney for Doctor's Associates, Inc.*
*and Subway Real Estate Corp.*

Michael S. Waters, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
*Attorney for Eric R. Perkins, Esq., Chapter 7 Trustee*
*For Jesal Desai a/k/a Jesal A. Patwari, and*
*Special Counsel to Catherine Youngman, Esq.,*
*Chapter 7 Trustee for Shapat, Inc., Patwari, LLC,*
*Shapat II, LLC and Shapat III, LLC*

Jay A. Weinberg, Esq.
The Law Office of Jay A. Weinberg
149 Livingston Avenue
New Brunswick, New Jersey 08901
*Attorney for Jesal Desai a/k/a Jesal A. Patwari*

**THE HONORABLE JOHN K. SHERWOOD, U.S.B.J.**

The major issues in this adversary proceeding were disposed of in the Court's opinion of April 7, 2016. Because the Court does not believe that the remaining claims present a true case or controversy that needs to be resolved at this time, they will be dismissed without prejudice.

Doctor's Associates, Inc. ("DAI") requested relief against Eric R. Perkins, chapter 7 trustee (the "Trustee") for the estate of Jesal Desai a/k/a Jesal Patwari (the "Debtor"), and Catherine Youngman, chapter 7 trustee for the estates of Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC (the "Operating Entities"). The Court's opinion of April 7, 2016: (i) confirmed arbitration awards against the Debtor that include damages of at least $536,311.30[1] based on defaults under Subway® franchise agreements with DAI; (ii) vacated a preliminary injunction that barred enforcement of the arbitration awards; and (iii) dismissed all claims, counterclaims, and third party claims of the estates of the Debtor and the Operating Entities pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] As for the remaining issues, counsel for DAI and counsel for the trustees[3] were directed to meet and confer regarding the need to conduct future proceedings on DAI's claims for: (i) treble damages and attorney's fees due to the Debtor's alleged violations of the Lanham Act;[4] and (ii) reverse piercing of the corporate veil to hold the Operating Entities liable for DAI's judgment against the Debtor. The parties were unable to resolve these issues and DAI submitted additional briefing in support of its requests,[5] which the Trustee and the Debtor opposed.[6]

---

[1] (*See* DAI's Suppl. Br. at 3, ECF No. 102).
[2] (*See* Opinion, ECF No. 94).
[3] Counsel for the Trustee also serves as special counsel to Catherine Youngman, chapter 7 trustee for each of the Operating Entities.
[4] *See* 15 U.S.C. §§ 1114(1)(a), 1116(d), and 1117(a) and (b).
[5] (*See* DAI's Suppl. Br., ECF No. 102).
[6] (*See* Trustee's Response, ECF No. 103); (Debtor's Response, ECF No. 105).

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTS AND PROCEDURAL HISTORY

The Court will provide only the facts relevant to this decision and directs the parties to the Court's April 7 opinion for additional factual and procedural history.[7]

Between 2002 and 2006, the Debtor entered into four separate franchise agreements with DAI for the operation of Subway® sandwich shops in northern New Jersey. As permitted by the franchise agreements, the Debtor created the Operating Entities to operate the sandwich shops.[8] In the summer of 2007, DAI initiated arbitration proceedings against the Debtor due to alleged defaults under the franchise agreements, including underreporting sales, fees and royalties. After the Debtor failed to appear at the arbitration hearing, four arbitration awards were entered in favor of DAI on September 6, 2007. The awards terminated the franchise agreements, ordered the Debtor to reimburse DAI for underreported fees and royalties, and ordered the Debtor to immediately cease using all Subway® trademarks and pay liquidated damages of $250 per day for any future unauthorized use of the marks.[9]

Shortly thereafter, the Debtor filed suit against DAI in the Superior Court of New Jersey, Chancery Division and obtained a preliminary injunction that enjoined enforcement of the

---

[7] (*See* Opinion, ECF No. 94).
[8] (*See* DAI Cross-Mot. at 6-7, Oct. 31, 2008, ECF No. 67).
[9] (Certification of Tricia Lee ("Lee Cert."), Ex. O, ECF No. 68).

arbitration awards.[10] The Chancery Court action was later consolidated with four landlord-tenant actions brought against the Debtor and the Operating Entities by Subway Real Estate Corporation (DAI's leasing affiliate) and removed to the District Court in New Jersey.[11] That action was eventually consolidated with a separate nine-count complaint filed by DAI in July 2008 which asserted, *inter alia*, trademark infringement claims under the Lanham Act based on the Debtor's use of Subway® trademarks following entry of the arbitration awards.[12] The Debtor and the Operating Entities filed counterclaims against DAI and a third-party complaint against Subway Real Estate Corporation and another third party, Yogesh Dave.[13]

On August 27, 2008, the Debtor filed a chapter 11 bankruptcy petition. On the same day, the Debtor filed chapter 11 bankruptcy petitions on behalf of each of the Operating Entities.[14] The consolidated actions before the District Court were referred to this Court and became this adversary proceeding.[15] DAI filed a proof of claim in the Debtor's bankruptcy case in the amount of $1,983,535.70.[16] DAI filed claims in the same amount against each of the four Operating Entities.[17] The amount of $1,983,535.70 included the damages awarded under the arbitration awards as well as DAI's claims for treble damages and attorney's fees under the Lanham Act. DAI also filed a separate adversary proceeding against the Debtor asserting that

---

[10] (Order Entering Preliminary Injunction, ECF No. 78-5).
[11] (*See* Lee Cert., Ex. L, ECF No. 68-32).
[12] (Verified Compl., ECF No. 56).
[13] (Defs.' Answer, Affirmative Defenses, Counterclaim, ECF No. 54).
[14] *See In re Shapat Inc.*, Case No. 08-26181; *In re Shapat II LLC*, Case No. 08-26186; *In re Shapat III LLC*, Case No. 08-26188; *In re Patwari, LLC*, Case No. 08-26184.
[15] (*See* Order, ECF No. 76).
[16] (*See* Claims Register Nos. 9 and 10, *In re Jesal Patwari*, Case No. 08-26178).
[17] (*See* Claims Register Nos. 4 and 5, *In re Shapat Inc.*, Case No. 08-26181); (Claims Register Nos. 6 and 7, *In re Shapat 2 LLC*, Case No. 08-26186); (Claims Register Nos. 6 and 7, *In re Shapat 3 LLC*, Case No. 08-26188); (Claims Register Nos. 6 and 7, *In re Patwari, LLC*, Case No. 08-26184).

5

the underreporting of sales, fees and royalties provides grounds for exceptions to discharge under sections 523 and 727 of the Bankruptcy Code.[18] That adversary proceeding is still pending.

In July 2009, the Debtor's case and all four of the Operating Entities' cases were converted to chapter 7. On May 26, 2015, the trustee for the estates of the Operating Entities filed reports of no distribution, indicating that none of the estates contained property available for distribution to creditors. Presently, it appears the only asset of the Debtor's estate is a pending adversary proceeding alleging legal malpractice and fraudulent transfer claims against the Debtor's prior state court and bankruptcy counsel.[19] The prospects for recovery in this adversary proceeding are unclear at this time.

**DISCUSSION**

DAI seeks determinations that: (i) the Debtor violated Lanham Act sections 1114(1)(a) and 1115(d), entitling DAI to mandatory treble damages under section 1117(b)(1); and (ii) its judgment against the Debtor's estate may be enforced against the Operating Entities' estates under a corporate veil piercing theory.[20] The Trustee and the Debtor oppose the relief sought by DAI, asserting that no purpose would be served by deciding these issues at this time because none of the debtors' estates have assets to pay creditors' claims. They further assert that a determination of the amount of DAI's claim is unnecessary since DAI may change the amount of its claims by filing amended proofs of claim.[21]

The Court agrees that the procedural posture of this case and practical considerations do not warrant a decision on the relief sought by DAI at this time. Since the projected return to

---

[18] *See Doctor's Assocs., Inc. v. Patwari*, Adv. No. 09-02631.
[19] *See Perkins v. Verma*, Adv. No. 10-02104.
[20] DAI also asserts that it is entitled to attorney's fees under section 1117(a) of the Lanham Act. (*See* DAI's Suppl. Br. at 12-14, ECF No. 102).
[21] (*See* Trustee's Response at 1, ECF No. 103); (Debtor's Response, ECF No. 105).

6

creditors of the Debtor and the Operating Entities is presently zero, it makes no difference whether DAI's claim is $1,983,535.70 (as stated in its proofs of claim) or $1,860,538.30 (as stated in its latest submission to the Court).[22] Section 502(a) of the Bankruptcy Code provides that a properly filed claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[23] A properly filed proof of claim is *prima facie* evidence of both the validity and the amount of the claim.[24] Only if a valid objection to the claim is made will a claim be disallowed. 11 U.S.C. § 502(b). Here, DAI filed timely claims in the Debtor's bankruptcy case and in each of the Operating Entities' cases that included its claims for treble damages and attorney's fees under the Lanham Act.[25] No objections to these claims have yet been filed. Unless an objection is filed, these claims will be allowed. If DAI wishes to amend the amount of its claims, it may do so by seeking leave to amend.[26]

For the same reasons, there is no reason to decide DAI's claim for reverse piercing of the corporate veil at this time. Because DAI filed timely claims in each of the Operating Entities' cases and there have been no objections, its claims against these estates are deemed allowed. Again, since it has already been determined that none of the Operating Entities' estates have assets, whether DAI may enforce its judgment against the Operating Entities has no practical significance. Thus, no party in interest has an incentive to challenge the legitimacy of DAI's veil piercing claims.

---

[22] (*See* DAI's Suppl. Br. at 3, ECF No. 102).
[23] 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.").
[24] Fed. R. Bankr. P. 3001(f).
[25] (*See* Claims Register Nos. 9, 10, *In re Jesal Patwari*, Case No. 08-26178).
[26] Courts have applied Federal Rule of Bankruptcy Procedure 7015, which incorporates Federal Rule of Civil Procedure 15(c), to motions to amend proofs of claim. *See Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1997). As long as the amended proof of claim relates back to the original proof of claim, courts have discretion to liberally allow amended claims. *See In re Spurling*, 391 B.R. 783 (Bankr. E.D. Tenn. 2008).

It is well established that federal courts only have jurisdiction over questions arising in a true case or controversy.[27] Bankruptcy courts "do not exist for the purpose of solving abstract, academic, or hypothetical questions," and should only address questions where a party's interest is at stake.[28] In *In re Richardson*, 97 B.R. 161 (Bankr. W.D.N.Y. 1989), the court held that it lacked jurisdiction to determine the amount of claims where there was no purpose or practical context for the valuation. There, the debtors moved to value certain judgment liens pursuant to section 506. Initially, the valuation was relevant because the debtors sought to declare the judgment liens void in connection with a motion to sell real property under section 363(f). When it became clear that a condition precedent for the sale—the consent of lienholders—was not met, the court held that it lacked jurisdiction to issue an advisory opinion with respect to the amount of the claims because such a decision would be "futile" and serve no "genuine purpose."[29] It has also been recognized that bankruptcy courts have discretion not to resolve claims in appropriate circumstances such as where the estate will provide no distribution to the creditor whose claim is being challenged.[30]

Here, no purpose would be served by adjudicating DAI's outstanding requests for relief at this time. By virtue of the Court's confirmation of the arbitration awards, DAI has a claim of at least $536,311.30.[31] DAI's claimed entitlement to treble damages is potentially relevant to DAI's pending nondischargeability action against the Debtor and can be addressed on the merits in that proceeding if the Debtor decides to challenge the amount of DAI's claim. In the event that assets are brought into any of the estates, DAI will either receive a distribution on the full amount of its filed claims or the Court will determine the validity and/or amount of its claim if an

---

[27] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937).
[28] *In re Inn On The Bay, Ltd.*, 154 B.R. 364, 367 (Bankr. S.D. Fla. 1993).
[29] *In re Richardson,* 97 B.R. 161, 162-63 (Bankr. W.D.N.Y. 1989).
[30] *See In re Shapiro*, 188 B.R. 140, 148-49 (Bankr. E.D. Pa. 1995).
[31] (*See* DAI's Suppl. Br. at 3, ECF No. 102).

objection is made. DAI will have a full and fair opportunity to present the claims that have not been decided in this adversary proceeding in other proceedings in this Court, but only if the resolution of these claims becomes meaningful.

## CONCLUSION

For the above reasons, DAI's requests are denied without prejudice. An order consistent with this Opinion will be entered and the remaining claims in this adversary proceeding will be dismissed without prejudice.

*John K. Sherwood*
_____
JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: June 10, 2016